129 A.3d 1081

IN THE MATTER OF VICTOR J. CAOLA, AN ATTORNEY
AT LAW (ATTORNEY NO. 002651980).

February 11, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–338, DRB 05–339, and DRB 05–340, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **VICTOR J. CAOLA,** formerly of **TOMS RIVER,** who was admitted to the bar of this State in 1980, and who has been on disability inactive status since May 17, 2006, should be suspended from the practice of law for a period of three months for violating *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.4(b) (failure to explain matter to the extent reasonably necessary to permit the client to make informed decisions about the representation), *RPC* 1.5(a) (unreasonable fee), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit and misrepresentation);

And the Director of the Office of Attorney Ethics and respondent, through counsel, having entered into a disciplinary stipulation in which they agree that respondent had engaged in the unethical conduct charged and that said conduct warrants a three-month term of suspension, retroactive to the date of respondent's transfer to disciplinary inactive status;

And good cause appearing;

It is ORDERED that **VICTOR J. CAOLA** is suspended from the practice of law for a period of three months: May 18, 2006 through August 18, 2006, and respondent is returned to disability inactive status effective August 19, 2006, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 governing incapacitated attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.